978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Thomas A. MUNZ, Appellant.
 No. 92-1949NI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 16, 1992.
Filed: October 26, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas Munz appeals from convictions on nine counts entered upon two jury verdicts finding him guilty of threatening the lives of federal judges, threatening his attorney and his attorney's family with the intent to extort the hiring of a private investigator, willfully injuring the property of the United States, and interfering with the performance of duties of United States Marshals acting under a court order. We affirm.
 
 
 2
 The defendant claims that his convictions on all counts except Count IX, willfully injuring property of the United States, should be reversed and dismissed. He makes four arguments. We reject all of them.
 
 
 3
 The defendant first argues that the District Court erred in denying his motion to dismiss Counts I-VII since the government's threats of a perjury prosecution against one of the defendant's witnesses after his testimony in the defendant's first trial deprived the defendant of material exculpatory evidence. The Court did not err in determining that the witness made a free and voluntary choice not to testify in the second trial, and we affirm the Court's decision. In any event, given the disastrous impeachment this witness suffered in the first trial, it is highly unlikely the defendant suffered by not having him testify in the second trial.
 
 
 4
 Second, defendant argues that Count VIII, interfering with a court order in violation of 18 U.S.C. § 1509, must be reversed because his conduct of obstructing a transport order is not the type of conduct the statute prohibits. The defendant claims the statute applies only to school-desegregation orders, not routine court orders like the one here. We reject defendant's contention. The statute punishes anyone who interferes with the performance of duties under any court order. Defendant's conduct falls within the plain language of this statute.
 
 
 5
 Defendant next claims that the District Court violated his Fourth Amendment rights by admitting into evidence a letter he wrote to his brother, a fellow inmate. He also argues that the letter is extremely prejudicial and lacks probative value. The letter was discovered in a routine search of his brother's cell. In the letter, defendant speaks of getting revenge and "taking somebody out." Appellee's Appendix 48. The letter was introduced to support the prosecution's theory that defendant's contemporaneous letters to his attorney were genuine threats of revenge and not mere political statements about the judicial system. First, the Fourth Amendment's prohibition on unreasonable searches and seizures does not apply in prison cells. Hudson v. Palmer, 468 U.S. 517, 526 (1984). Second, even if it did, the letter was not seized from the defendant's cell, but from his brother's, and thus he has no standing to challenge the seizure. Finally, the District Court did not abuse its discretion in determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.
 
 
 6
 The defendant's final argument is that the language contained in the letters supporting Counts I, III, and VII was ambiguous and insufficient to support his convictions. We disagree. Viewing the evidence in the light most favorable to the government, we hold that a reasonable jury could have found the defendant guilty beyond a reasonable doubt.
 
 
 7
 For these reasons, we affirm the judgments of the District Court.